THE ATCHISON, TOPEKA & SANTA FÉ RAILROAD ·COM-
PANY v. C. E. WILSON, *as Treasurer of Hodgeman
County, et al.*

TAXES — *Equalization* — *Correcting Assessment.* The county board of
equalization is authorized at its meetings held in the month of June
of the odd years, when proper notice has been given, to correct and
equalize the assessment made in those years under ? 69 of the tax
law, of real property that has become taxable since the regular assess-
ment of such property in the even years, and therefore at such time
the owners of such property have an opportunity for a hearing at
which to contest the legality and justice of the assessment.

### *Error from Hodgeman District Court.*

ACTION brought by *The Railroad Company* to restrain the
collection of certain taxes.   It brings here for review a judg-
ment against it, rendered October 28, 1884.   The opinion
states the material facts.

*James Hagerman, A. A. Hurd,* and *Robert Dunlap,* for
plaintiff in error;  *Geo. W. McCrary,* general counsel.

*W. S. Kenyon,* county attorney, and *M. W. Sutton,* for de-
fendants in error.

The opinion of the court was delivered by

JOHNSTON, J.:  In February, 1883, the boundaries of Hodge-
man county were changed by legislative enactment so as to em-
brace considerable territory that had theretofore constituted a
part of the unorganized county of Gray, and which before
that time was not subject to taxation.   The Atchison, Topeka
& Santa Fé Railroad Company owned several tracts of land
in the territory attached, and in the spring of 1883 the as-
sessors of Hodgeman county assessed this land of the company,
and it was placed on the tax-roll, and a levy was made thereon
by the county commissioners of Hodgeman county for the taxes
of that year.   The railroad company brought this action
against the county treasurer and county commissioners of

Hodgeman county, alleging that the assessment was made without authority, and that the taxes levied upon its lands were wholly illegal and void, and asked for an injunction to restrain the collection of such taxes. A temporary injunction was granted. Afterward the defendant filed a demurrer to the petition, which upon the hearing was sustained, and the injunction dissolved. This ruling is assigned for error here.

The validity of the tax is challenged by the plaintiff on the ground that the assessment of its land having been made in an odd year, it was not afforded a hearing or an opportunity to contest the justice of the assessment. We cannot concur in this claim. It is true that § 43 of the tax law provides for a biennial assessment of real property, but § 69 of the same law provides that —

"Each township and city assessor shall annually, at the time of taking the list and valuation of personal property, also take a list of all real property situated in the county that shall have become subject to taxation since the last previous listing of property therein, with the value thereof estimated agreeably to the rules prescribed for the listing and assessing of real. estate; . . . and shall make return thereof to the county clerk at the same time he is required by law to make his return of personal property," etc.

It is insisted that the board of equalization can only meet to equalize the assessment of real property in the even years when real property is regularly assessed, and therefore that the assessment of real property in the odd years provided by § 69 cannot be revised or equalized by the board. It is true that § 74 requires that there shall be a meeting of the board of equalization for that purpose on the first Monday in June of the even years, but it does not forbid a meeting at other times when there may be a necessity therefor. Section 73 reads as follows:

"The board of county commissioners of each county shall constitute a county board of equalization, and the county clerk shall be the clerk of said board."

This provision is broad and general, and unless limitations are elsewhere prescribed, it would authorize the board thus

constituted to equalize or correct the assessment of real estate at any time when proper notice had been given that such action could or would be taken. With respect to the equalization of the valuation of personal property, a limitation is prescribed in § 74, where it provides that —

"The board shall meet on the first Monday of June of each year and proceed to equalize the valuation of the personal property of their county, and may adjourn from time to time for said purpose *not beyond ten days* from the first day of their session."

Under this limitation it may well be doubted whether the board can meet for the purpose of equalizing the personal-property valuations after the ten-days limit has expired. But when the legislature came to prescribe rules for the government of the board in regard to the time and manner of equalizing the valuation of real property, there was no such limitation made. The rules affecting real-estate valuations are found in the same section with the limitation mentioned. The fixing of the limit in the one case and the studied omission of such a provision in the other, indicates that the legislature did not intend to restrict the board in correcting and equalizing the valuation of real property to the meeting held on the first Monday of June of the even years. Besides, by § 75 it is made the duty of the county clerk to give a newspaper notice in May of every year that the board will meet on the first Monday of the following month, and that at such meeting all persons feeling themselves aggrieved can appear and have all errors in the return corrected. As has been seen, the return made by the assessor in the odd year embraces, in addition to the listing and valuation of personal property, an assessment of all real property that has become taxable since the regular assessment of such property the preceding year. The notice is not that the errors in that part of the return relating to the valuation of personal property will be corrected, but that *all* persons may appear and have *all* errors in the return corrected. These sections taken together furnish authority to the board of equalization to correct any errors in the assessment of real

12 — 35 KAS.

estate made under § 69 in the odd years. That being so, the plaintiff had an opportunity for a hearing, and to contest the fairness and justice of the assessment. The judgment of the district court will therefore be affirmed.

All the Justices concurring.